## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RYAN CASTANEIRA,

               Plaintiff

     v.

CATHERINE McVEY,

             Defendant

CIVIL ACTION NO. 3:13-CV-03108

(MUNLEY, J.)
(MEHALCHICK, M.J.)

### MEMORANDUM

This case involves a *pro se* plaintiff, Ryan Castaneira, who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Castaneira initiated this action on July 29, 2013, by filing a complaint in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). On December 30, 2013, this case was transferred to this Court. (Doc. 17). Pending before this Court are the following motions: Plaintiff's motion for summary judgment (Doc. 22); Plaintiff's motion to produce (Doc. 27); Plaintiff's motion for leave to file additional interrogatories (Doc. 28); and Plaintiff's motion to substitute successor party. (Doc. 29).

## I.  BACKGROUND

On July 29, 2013, Plaintiff filed his complaint with the Eastern District of Pennsylvania (Doc. 1), and on September 9, 2013, the Court granted Plaintiff leave to proceed *in forma pauperis* and directed that the service of the summons and complaint be made upon the defendant by the U.S. Marshals Service. (Doc. 5). On October 15, 2013, the waiver of the service of summons was signed and dated by Defendant Catherine McVey. On November 12, 2013, Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(3) for improper

venue. (Doc. 12). On November 25, 2013, upon consideration of Defendant's motion to dismiss the complaint, or in the alternative to transfer, the Eastern District ordered this case be transferred to this Court. (Doc. 16). Upon the transfer of the case to this Court, Defendant filed an answer to the complaint on January 24, 2014. (Doc. 18). On February 26, 2014, this Court entered a case management order directing that all discovery be completed by March 26, 2014, and any dispositive motions be filed with the Court by April 28, 2014. (Doc. 24). Per this Court's March 13, 2014, Order, the Court extended the deadline for the completion of discovery until May 27, 2014, and the deadline for the filing of any dispositive motions until June 26, 2014. (Doc. 26).

## II. MOTION FOR SUMMARY JUDGMENT CONSTRUED AS MOTION FOR DEFAULT JUDGMENT (DOC. 22)

On February 7, 2014, Plaintiff filed a motion for summary judgment. (Doc. 22). Plaintiff's basis for his motion is Defendant's alleged failure to timely answer the complaint. As such, this Court construes Plaintiff's motion as a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Under subsection (a) of that rule, the Clerk of Court is instructed to enter a *default* against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Entry of a default is a prerequisite to entry of a *default judgment* under Rule 55(b)." *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis in original); *see also Enigwe v. Gainey*, Civil Action No. 10-684, 2012 WL 213510, at *2 (E.D. Pa. Jan. 23, 2012) ("[A] default judgment under Rule 55(b) must be preceded by entry of a *default* under Rule 55(a).") (emphasis in original).

In his motion, Plaintiff states that on October 15, 2013, Defendant waived service of the complaint, *see* Doc. 11. (Doc. 22). On November 12, 2013, Defendant filed a motion to dismiss,

or in the alternative, a motion to transfer. (Doc. 12). Plaintiff argues that Defendant failed to "assert any defenses" to the complaint at that time. Further, Plaintiff states that Defendant filed an "out-of-time Answer on January 24, 2014." (Doc. 22, p. 1). Thus, Plaintiff argues this Answer was time-barred pursuant to Federal Rule of Civil Procedure 12.

Timely service of a Rule 12(b)(6) motion by a defendant alters the time for filing an answer. *Tauro v. Allegheny Cnty.*, No. 09-354, 2009 WL 2382683 (W.D. Pa.  July 31, 2009); Fed. R. Civ. P. 12(a)(4) (Effect of a Motion) (time period for filing answer altered when motion under Rule 12 is filed; an answer will be due, unless the court orders otherwise, ten days[1] after notice that the court denied the motion or postponed its disposition until trial); *see Brown v. Interbay Fund LLC*, 198 Fed. Appx. 223, 225 (3d Cir. 2006) (lender's timely filed motion to dismiss for failure to state a claim extended time to file answer); *Whayne v. Kansas*, 980 F.Supp. 387, 391 (D. Kan. 1997) (plaintiff was wrong to believe defendants were in default for not having answered his complaint because Rule 12(b) motion is proper defense pleading and Rule 12(a)(4) alters time period for answering complaint).

Defendant was in default as of 14 days after the Order of November 26, 2013, pursuant to Rule 12(a)(4)(A). *See Parker v. Pennstar Bank*, 3:09-CV-00490, 2010 WL 181729 (M.D. Pa. Jan. 12, 2010). However, the Clerk of Court has not entered a Default against the defendant. Plaintiff requests this Court find that Defendant's answer is time-barred, and thus that there are no issues in dispute due to Defendant's failure to "rebut the claims set forth in the verified

---

[1] The current Federal Rule of Civil Procedure reflects fourteen (14) days. *See* Fed. R. Civ. P. 12(a)(4)(A).

complaint." (Doc. 22, p. 2). *See generally Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 n.5 (M.D. Pa. 2007) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well.") (internal quotation omitted).

The Court finds that the disposition of this case on the basis of a default in the filing of an answer is not warranted. *See Parker v. Pennstar Bank*, 3:09-CV-00490, 2010 WL 181729, at *2 (M.D. Pa. Jan. 12, 2010). Default is a sanction of last resort that is disfavored in the Third Circuit. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"); *Parker v. Pennstar Bank*, 3:09-CV-00490, 2010 WL 181729 (M.D. Pa. Jan. 12, 2010). There appear to be significant factual and legal issues that are appropriate for resolution on the merits of this case. Further, both parties have proceeded with discovery, and this Court has set discovery deadlines which indicate that discovery is now complete. Dismissing the complaint due to default would prejudice the parties at this juncture. As such, pursuant to the Court's inherent power to manage its docket, Plaintiff's motion for summary judgment, treated as a motion for default judgment (Doc. 22), is **DENIED**.

### III. MOTION TO PRODUCE (DOC. 27)

On March 24, 2014, the Court received and filed Plaintiff's Request to Produce. (Doc. 27). Under the local rules, "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties *but shall not be filed with the court*" unless authorized by the federal or local rules or an order of the Court. L.R. 5.4(b) (emphasis added). In the absence of a contemporaneous motion for relief under the Federal Rules of Civil Procedure, or any other rule or order authorizing

filing, these discovery documents are improperly filed. *See* L.R. 5.4(c). Accordingly, the Clerk is

**DIRECTED** to **STRIKE** this discovery document. (Doc. 27).

## IV. MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES (DOC. 28)

On March 24, 2014, Plaintiff filed a motion for leave to file additional interrogatories.

(Doc. 28). As discovery was completed on May 27, 2014, per this Court's scheduling order, the

Court will **DENY** the motion as moot.

## V. MOTION TO SUBSTITUTE PARTY (DOC. 29)

On May 5, 2014, Plaintiff filed a motion to substitute successor party. (Doc. 29). Plaintiff

states that Defendant Catherine McVey is no longer employed by the Pennsylvania Board of

Probation and Parole. Her successor is Mr. Potteiger.[2] (Doc. 29, ¶ 3).

Federal Rule of Civil Procedure 25(d) states:

> (d) Public Officers; Death or Separation from Office. An action does not abate
> when a public officer who is a party in an official capacity dies, resigns, or
> otherwise ceases to hold office while the action is pending. The officer's
> successor is automatically substituted as a party. Later proceedings should be in
> the substituted party's name, but any misnomer not affecting the parties'
> substantial rights must be disregarded. The court may order substitution at any
> time, but the absence of such an order does not affect the substitution.

Plaintiff originally filed this action against Catherine McVey in her official capacity as

chairperson of the Pennsylvania Board of Probation and Parole. As such, Plaintiff's motion is

unnecessary, as the substitution of the party is automatic. Thus, the Court recognizes that the

officer's successor, Michael Potteiger, is the proper Defendant in this action and Plaintiff's

---

[2] The Court takes judicial notice of the fact that Michael C. Potteiger was appointed as
Chairman of the Pennsylvania Board of Probation and Parole on January 30, 2012. *See*
http://www.pbpp.state.pa.us/portal/server.pt/community/inside_the_board/5354/meet_the_
board_members/493876.

motion to substitute successor party (Doc. 29) will be **DENIED** as moot. The Clerk is **DIRECTED** to update the docket to reflect this automatic substitution.

An appropriate Order follows.

**BY THE COURT:**

Dated: June 5, 2014

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**