# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN CASTANERIA,<br>          Plaintiff | No. 3:13cv3108 |
| v. | (Judge Munley) |
| MICHAEL POTTEIGER,<br>          Defendant | (Magistrate Judge Mehalchick) |

## MEMORANDUM

Before the court is Plaintiff Ryan Castaneria's (hereinafter "plaintiff") motion to alter the court's judgment of September 22, 2014 under Federal Rule of Civil Procedure 59(e).[1] (Doc. 60). For the reasons that follow, the motion will be denied.

**Background**

On September 20, 2006, plaintiff was arrested in Georgia for on-line solicitation and charged with: (1) criminal attempt-child molestation; (2)

---

[1] Plaintiff also moved for a new trial pursuant to Federal Rule of Civil Procedure 59(a), which states:

> (a)(1) **Grounds for a new trial.** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>   (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>   (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

F<small>ED</small>. R. C<small>IV</small>. P 59(a). In the instant matter, a trial has not occurred. As such, the court will only address plaintiff's Rule 59(e) motion to alter or amend a judgment.

criminal attempt-enticing child for indecent purposes; (3) computer pornography & child exploitation and (4) obscene internet contact.[2] (Doc. 6, Compl. (hereinafter "Compl.") ¶ 30). After a trial, plaintiff was convicted on all four sex offenses and sentenced to ten (10) years of incarceration and twenty (20) years of probation. (Id. ¶ 35).

In February 2013, Georgia granted plaintiff parole and imposed a special condition of supervision prohibiting him from residing within 1,000 feet of a church, school, child care facility or areas where minors congregate. (Id. ¶¶ 38, 40, 69; Doc. 40, Ex. J, Ga. Condition of Supervision at 34). On April 10, 2013, plaintiff completed an application to transfer his parole supervision from Georgia to Pennsylvania pursuant to the Interstate Compact for Adult Offender Supervision (hereinafter the "Interstate Compact"). (Id. ¶ 40). Plaintiff's application acknowledged that he agreed to Georgia's 1,000 foot residence restriction as a condition of his parole. (Id.)

Initially, plaintiff requested to reside at 631 Benton Street, Harrisburg, Pennsylvania. (Id. ¶ 44). On June 24, 2013, Defendant Michael Potteiger,

---

[2] Plaintiff's criminal docket is located at: http://www.fayetteclerkofcourt.com/ (last accessed Jan. 5, 2015).

Chairman of Pennsylvania's Board of Probation and Parole (hereinafter "defendant"), denied plaintiff's transfer request because the residence was within 1,000 feet of a child care facility, school, church or other place where minors congregate.  (Id. ¶ 61).  On July 24, 2013, plaintiff submitted a second application to reside at 46 South 35th Street, Camp Hill, Pennsylvania.  (Id. ¶ 71).  Defendant denied plaintiff's second application soon thereafter because the proposed residence was within 500 feet of a church and school.[3]

Based upon defendant's denials of his transfer requests, plaintiff filed a civil rights complaint with the United States District Court for the Eastern District of Pennsylvania.  (Doc. 6).  On November 25, 2013, the Eastern District ordered this case transferred to the Middle District of Pennsylvania.  (Doc. 16).  The defendant filed a motion for judgment on the pleadings on June 26, 2014 (Doc. 41), which the court granted on September 22, 2014 (Docs. 58 & 59).

---

[3]  Plaintiff's third request to transfer his probation from Georgia to 1918 Mulberry Street in Harrisburg, Pennsylvania was pending at the time the court dismissed the instant action, and its resolution is presently uncertain.  (See doc. 54, Pl.'s Aff. in Opp'n to Def.'s Mot. for J. on the Pleadings ¶¶ 20-32 ).

**Legal Standard**

Plaintiff moves to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), which states:

> (e) **Motion to alter or amend a judgment**. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FED. R. CIV. P 59(e). Similar to a motion for reconsideration, "a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridid v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion to alter or amend judgment is subject to the "sound discretion of the district court." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001). Moreover, a motion to alter or amend a judgment is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

In our September 22, 2014 order, we granted defendant's motion for judgment on the pleadings. (Doc. 58). We first determined that the Interstate Compact failed to confer an enforceable right on probationers and parolees. Castaneria v. Potteiger, No. 3:13cv3108, 2014 WL 4716621, at *4 (M.D. Pa. Sept. 22, 2014). We also concluded that plaintiff's due process and equal protection claims failed as a matter of law. Id. at *4-7.

Plaintiff now argues that the court must reconsider its prior decision because the court failed to address his claim for declaratory relief regarding his rights under the Interstate Compact. The Declaratory Judgment Act (hereinafter "DJA"), however, is inapplicable because the court determined that the Interstate Compact does not confer enforceable rights on probationers and parolees. Therefore, no right exists for the court to declare pursuant to the DJA.

Furthermore, plaintiff's instant motion for reconsideration establishes none of the grounds for the granting of a motion for reconsideration. Plaintiff's motion is not based on an intervening change in controlling law or new evidence not previously available. Plaintiff fails to argue that the

5

court committed a manifest error of law.  Finally, the court thoroughly considered and rejected plaintiff's civil rights claims.  See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (stating that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made); In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through–rightly or wrongly." (quotations marks and citations omitted)).  Accordingly, we will deny plaintiff's request to alter or amend our memorandum and order dismissing his civil rights complaint.

**Conclusion**

For the above-stated reasons, the court will deny plaintiff's motion to alter or amend a judgment.  An appropriate order follows.


                                     **BY THE COURT:**

                                     **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**